# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:26-cv-00079-MR

| | | |
|---|---|---|
| KETOINE MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| PHILLIP MCGREGOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. The Plaintiff is proceeding *in forma pauperis*. [Doc. 5].

## I.      BACKGROUND

The pro se Plaintiff filed the Complaint pursuant to 42 U.S.C. § 1983 on March 1, 2026, addressing incidents that allegedly occurred at the Craggy Correctional Center[1] on September 16, 2021. [Doc. 1 at 8]. He names as Defendants: Phillip McGregor, a Craggy C.C. officer; and FNU Kay, a sergeant, in their individual and official capacities. [Id. at 2]. He asserts that the Defendants violated his Eighth Amendment rights as follows:

> On September 16, 2021, between 1:30 and 6:00 pm, I was assaulted by Officer Higdon, and then placed in full restraints from 2 pm to 6 pm by Sgt. Kay. On said date and time I was

_____

[1] The Plaintiff is now incarcerated at the Alexander Correctional Institution.

> handcuffed by Officer Higdon and escorted from building 2C to the recreational building. Once we got inside Officer Higdon grabbed me and ran me into the wall. He then slammed me to the ground landing on top of me, then slammed my head face first into the concrete, leaving a gash and cuts on my face.
>
> Blood began to pour from my face immediately. Sgt. Kay then placed me in full restraints and put me inside of a holding cell from 2 pm – 6 pm without being allowed any medical treatment. At 6 pm I was transported to Mission Hospital in Asheville for treatment.

[Id. at 5]. The Plaintiff seeks compensatory and punitive damages and a jury trial. [Id. at 8].

The Plaintiff previously filed a civil rights lawsuit in this Court addressing the same incident, Case No. 1:22-cv-215-MR.[2] The Plaintiff explains that "[t]he case passed initial view[,] [i]t supposedly got dropped due to a limitation that I turned in but I guess it never got received. I'm trying to refile it because I need justice…." [Id. at 9].

The Complaint in Case No. 1:22-cv-215 passed initial review on Plaintiff's Eighth Amendment claims against Sergeant Kay and Officer Higdon, and the Court exercised supplemental jurisdiction over the Plaintiff's assault and battery claims against them. [1:22-cv-215, Doc. 12]. On November 20, 2023, mail to the Plaintiff's address of record was returned as

---

[2] The Court takes judicial notice of its file in Case No. 1:22-cv-215. Fed. R. Ev. 201.

undeliverable, and the Plaintiff was ordered to update his address with the Court within 14 days.  [See id. Doc. 44].  The Plaintiff failed to comply and the Court dismissed the action without prejudice on January 11, 2024.  [Id.]. On January 18, 2024,[3] the Plaintiff filed a Notice of Change of Address after the case had been closed.  [Id. Doc. 46].  The Court forwarded the Plaintiff a copy of the Clerk's Judgment and the Order dismissing the case at his new address that same day.  [See id. Jan. 18, 2024 Court Entry].

As noted *supra,* the Plaintiff filed the Complaint in the instant case on March 1, 2026, more than two years and one month after Case No. 1:22-cv-215 was dismissed.  On May 20, 2026, the Court entered an Order explaining that it appears on the face of the Complaint that the instant action is time-barred. [Doc. 7].  The Court ordered the Plaintiff to file a memorandum within 30 days explaining why the Complaint is timely.  [Id.].  The Plaintiff was cautioned that, "[s]hould the Plaintiff fail to comply, this action will likely be dismissed with prejudice without further notice."  [Id. at 5].

The Plaintiff has now filed a Memorandum in which he states that he was homeless and "didn't have and address at the time due to circumstances…"; that he did not have a lawyer; that he lacked knowledge

---

[3] The Plaintiff's new address was at a private residence, so the prisoner mailbox rule does not apply.

about law and procedures; that he "can't really understand the language"; that he filed a notice of change of address when he was able to do so; that he has been sent to jail twice because of his inability to register an address; and that he "came in contact with some very extraordinary things after release…." [Doc. 8 at 1]. He requests "a break if possible" and the assistance of a lawyer. [Id.].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520

4

(1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.  <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387 (4th Cir. 1990).

## III.  DISCUSSION

The statute of limitations for § 1983 claims is borrowed from the applicable state's statute of limitations for personal injury actions.  <u>See</u> <u>Wallace v. Kato</u>, 549 U.S. 384, 387 (2007); <u>Tommy Davis Constr., Inc. v. Cape Fear Pub. Util. Auth.</u>, 807 F.3d 62, 66-67 (4th Cir. 2015).  Section 1983 claims arising in North Carolina are governed by the three-year period for personal injury actions.  <u>See</u> N.C. Gen. Stat. § 1-52(16); <u>Nat'l Adv. Co. v. City of Raleigh</u>, 947 F.2d 1158, 1162 n.2 (4th Cir. 1991).  The limitations period for a § 1983 claim begins to run when the plaintiff has "a complete and present cause of action," in other words, when it could have "file[d] suit and obtain[ed] relief."  <u>Wallace</u>, 549 U.S. at 388 (quoting <u>Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.</u>, 522 U.S. 192, 201 (1997)).

Equitable tolling is "reserved for 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitations period against the party and gross

5

injustice would result.'" Battle v. Ledford, 912 F.3d 708, 718 (4th Cir. 2019) (quoting Raplee v. United States, 842 F.3d 328, 333 (4th Cir. 2016); Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Generally, a litigant seeking equitable tolling bears the burden of establishing: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Holland v. Florida, 560 U.S. 631, 653 (2010).

The statute of limitations is an affirmative defense that the defendant generally bears the burden of affirmatively pleading. See Fed. R. Civ. P. 8(c)(1). However, the statute of limitations may be addressed sua sponte where a complaint is filed in forma pauperis and the face of the complaint plainly reveals the existence of such defense. See Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953-54 (4th Cir. 1995).

The incidents at issue in the instant case allegedly occurred on September 16, 2021. The Plaintiff filed the Complaint on March 1, 2026, more than one year and five months after the three-year statute of limitations expired. The Plaintiff asks the Court to treat the Complaint as timely based on equitable tolling considerations. [Doc. 8]. However, none of the conditions upon which the Plaintiff relies warrants relief.

6

While the Plaintiff complains that he is (again) incarcerated, did not have the assistance of counsel, is ignorant of the law, and has difficulty with language, these conditions do not warrant equitable tolling.  See Ott v. Md. Dep't of Pub. Safety & Corr. Servs., 909 F.3d 655, 661 (4th Cir. 2018) ("[i]gnorance of the law does not justify tolling, even when a party does not have legal representation"); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling"); United States v. Rangel-Gutierrez, No. 5:19-cr-50-KDB, 2024 WL 2787816, at *3 (W.D.N.C. May 30,2024) ("district courts … have consistently held that a prisoner's inability to speak English is insufficient to warrant equitable tolling") (collecting cases); Henriquez v. United States, No. 5:06-cr-232-FL, 2012 WL 1564158, *2 (E.D.N.C. May 2, 2012) (prison conditions typically are not grounds for equitable tolling).

The Plaintiff also claims to have been homeless during periods when he was not incarcerated.  Even if homelessness of itself can constitute an extraordinary circumstance, the Plaintiff has failed to explain why his homelessness prevented from pursuing his claim despite exercising due diligence.  For instance, he has made no effort to explain why it took him more than two years and one month to file the instant Complaint after Case

7

No. 1:22-cv-215 was dismissed.   See, e.g., Silver v. Pennington, No. 2:24-cv-05731-HDV, 2025 WL 4803545, at *1 (C.D. Cal. Jan. 9, 2025) (denying equitable tolling where petitioner failed to describe how his homelessness rendered him unable to pursue his claims or his efforts to do so during the relevant period, only summarily asserting that he had been diligent).

The Plaintiff's allusion to other unspecified "extraordinary things" is too vague and conclusory to support relief.   [Doc. 8 at 1]; see Martin v. McNeill, 633 F.3d 1257, 1268 (11th Cir. 2011) ("[m]ere conclusory allegations are insufficient to raise the issue of equitable tolling"); see, e.g., Willis v. Hooks, No. 3:20-cv-262-MR, 2022 WL 3581395 (W.D.N.C. Aug. 19, 2022) (denying general equitable tolling complaints regarding the handling of prison mail and Covid-19 restrictions).   Also of great significance is the fact that the Plaintiff has not brought this action against the same Defendant as his prior suit.   In Civil Action No. 1:22-cv-00215-MR, the Plaintiff asserted that the assault in question was perpetrated by one Kendall Alan Higdon.   That person, however, is not named in the present action.   Moreover, the Plaintiff now seeks to sue one Phillip McGregor [Doc. 1 at 3], who was not a defendant in the earlier action.[4]

---

[4] In Civil Action No. 1:22-cv-00215-MR, the Plaintiff brought suit against one "Phillip McGregor Kay," who may or may not be the same person as Defendant "Seargent [sic]

8

In sum, this action was filed outside the applicable statute of limitations, and the Plaintiff has failed to demonstrate that equitable tolling is warranted. Accordingly, this action will be dismissed with prejudice as time-barred.

The Plaintiff's request for the appointment of counsel is denied as moot.[5]

## IV.    CONCLUSION

For the foregoing reasons, this action is dismissed with prejudice as time-barred.

## ORDER

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITH PREJUDICE** as time-barred.

The Clerk is respectfully instructed to close this case.

**IT IS SO ORDERED.**    Signed: July 6, 2026

Martin Reidinger
Chief United States District Judge

---

Kay" named in the present suit.  [Id.].  Whoever Defendant McGregor might be is not explained.

[5] Even if the Complaint were not time-barred, Plaintiff's request would be denied because he has not identified any exceptional circumstances warranting the appointment of counsel.  See generally Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987); Jenkins v. Woodard, 109 F.4th 242, 248 (4th Cir. 2024).

9